UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD COUGHLIN and**
**PATRICIA COUGHLIN,**

    **Plaintiffs,**

v.                                              Case No. 8:07-cv-02189-T-30EAJ

**WAL-MART STORES EAST, LP, et al.,**

    **Defendants.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Coca-Cola Enterprises, Inc.'s Motion to Dismiss or in the Alternative Motion for More Definite Statement (Dkt. 3), Memorandum of Law in Support (Dkt. 6), and Plaintiffs' Opposition to Defendants' Motion to Dismiss and Alternative Motion for More Definite Statement (Dkt. 8). The Court, having considered the motion, response, complaint, and being otherwise advised in the premises, concludes that Defendants' Motion to Dismiss should be denied and the Motion for More Definite Statement should be granted.

**Motion to Dismiss Standard Under 12(b)(6).**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining

the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

**Motion for More Definite Statement Standard Under Rule 12(e).**

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." However, motions for a more definite statement are disfavored under the law. *Campbell v. Miller*, 836 F.Supp. 827, 832 (M.D. Fla. 1993). "A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond." *Eye Care Int'l., Inc. v. Underhill*, 92 F.Supp.2d 1310, 1316 (M.D. Fla. 2000). "Furthermore, a motion for more definite statement is not to be used as a substitute for discovery." *Id.*

**Discussion.**

Plaintiffs Richard and Patricia Coughlin bring a four count complaint against Defendants, Wal-Mart Stores East, LP ("Wal-Mart"), Coca-Cola Enterprises, Inc. ("Coke"), and John Doe, alleging: Counts I-III - Negligence (against each Defendant, individually) and Count IV - Loss of Consortium.

**I.     Motion to Dismiss.**

Defendant Coke argues that Plaintiffs' complaint should be dismissed for failure to state a cause of action. Specifically, Coke argues that the complaint does not provide any specific facts regarding John Does's negligence or the conditions causing Richard Coughlin's accident. Plaintiffs contend that the complaint is a sufficient "short and plain statement" required by Fed. R. Civ. P. 8. In light of the liberal pleading requirements of Rule 8, this Court finds that the allegations of the complaint are sufficient to withstand a Rule 12(b)(6) motion.

Under Florida law, the elements for a negligence claim are (1) a duty requiring defendant to conform to a standard of conduct, (2) a breach of that duty, (3) a reasonably close causal connection between the breach and injury to plaintiff, and (4) actual harm to plaintiff. *Williams v. Davis*, 974 So.2d 1052, 1056 (Fla. 2007).

Plaintiffs allege each of the four elements in their complaint. Plaintiffs allege that John Doe owed Richard Coughlin a duty to maintain the area in which he was working in a reasonably safe condition and warn of dangerous conditions. In Paragraph 18, Plaintiffs allege, in pertinent part: "Defendant, John Doe, failed to take steps to either make the

condition of the premises safe or to warn the Plaintiff, Richard Coughlin, of the existence of a dangerous and hazardous condition." Plaintiffs claim that these actions were the direct and proximate cause of serious physical injury to Richard Coughlin. Further, Plaintiffs allege that, under the doctrine of respondeat superior, Coke is vicariously liable for these actions of their employee, John Doe. Accepting all the factual allegations in the complaint as true and evaluating all inferences derived from those facts in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs have sufficiently stated a cause of action for negligence.

For these reasons, Defendant's Motion to Dismiss is denied.

## II.     Motion for More Definite Statement.

In the alternative, Coke moves for a more definite statement. Coke argues that the complaint is so vague and ambiguous that Coke cannot adequately frame a responsive pleading. This Court agrees that the allegations are too broad to reasonably require Coke to respond.

Plaintiffs' complaint provides a sparse factual basis on which they rest their claims. Plaintiffs offer the date and place of the incident and broad allegations of negligent conduct. However, their complaint excludes some important factual details of their claim. For example, they claim the "existence of a dangerous and hazardous condition," but do not state what the condition was or how Plaintiff was injured. These critical details are vital to the Plaintiffs' claim, and, unlike the identity of Coke's employee, are information that they can provide.

For these reasons, the Court concludes that Plaintiffs' complaint is so ambiguous and vague that Defendants cannot be reasonably expected to respond; therefore, Coke's motion for more definite statement is granted.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss or in the alternative Motion for More Definite Statement and Incorporated Memorandum of Law (Dkt. 3) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2. Plaintiffs shall have twenty (20) days from the date of the entry of this Order to amend their complaint.

3. Defendants shall have twenty (20) days from the date the Plaintiffs file their Second Amended Complaint to file answers or respond.

**DONE** and **ORDERED** in Tampa, Florida on July 8, 2008.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2007\07-cv-2189.coughlin.wpd